This was an application for a Writ of Trror to a judgment of the Superior Court of Taw for Washing-ton county. The record states that “at a Superior Court of Taw held for the county of Washington, at the Courthouse, &c. on the 2d day of November, 1818, Francis Preston, foreman, and others, (setting out their names at full length,) were sworn a Grand Jury of Inquest for the body of the county, and having received their charge, withdrew from the Bar to consider of their Presentments; and after some time, returned *178 into Court, and presented an indictment against William Trimble, for malicious shooting, a true bill.” The indictment begins thus: “Virginia, Washington county, to wit: The Grand Jurors, &c. impanelled for the body of the county of Washington, aforesaid, upon their oaths present,” &c. It charges, that the shooting was done “feloni-ously, wilfully, maliciously, and of purpose,” and “against the Acts of Assembly in that case made and provided.” A verdict of “guilty,” having been found against the accused, he moved the Court to arrest the judgment; which motion was over-ruled by the Superior Court, and judgment rendered against the prisoner.
The General Court examined each of the . reasons assigned in arrest of judgment, which were also assigned as grounds for granting a Writ of Error.
1. Error alleged. “Because the Court is described as the Superior Court of Washington, whereas no such Court exists; the Court being established as the Superior Court of Eaw.” But the record transmitted to the General Court, shews that this assignment was in point of fact untrue.
2. “Because the word ‘voluntarily,’ used in the Statute as necessary to constitute the offence, is entirely omitted.” But the Court ’ were unanimously of opinion, that the word “wilfully,” being contained in the indictment, *and this being after verdict, was cured by the sixth section of the Act entitled, “An Act to amend an Act, entitled, ‘An Act directing the method of proceeding against free persons charged with certain crimes,’” &c. (a)
3. “Because it is alleged that the offence is committed against the Acts of the General Assembly, whereas the Act of Eebruary 20th, 1817, (b) is the only one now in force on the subject;” and
4. “Because the Court in which the Grand Jury was impanelled, is not expressed,” (in the body of the Indictment, it is presumed). These supposed errors, if errors they are, were decided to be cured by the same Statute of Jeofails.
5. “Because the Indictment states the offence as a felony, whereas it is only a mis-demesnor.” But the Court was decidedly of opinion, it was a felony. See Barker’s Case, ante p. 122.
The Writ of Error was therefore refused by the unanimous opinion of the Court.

 2 Rev. Code of 1808, ch. 34, § 6, p. 38; see 1 Rev. Code of 1819, ch. 169, § 44,'p- 611.

 Act of 1816, ch. 15, p. 21.